United States Treasury Department (Internal Revenue Service) et al.,
Plaintiffs,

COMMUNITY STATE BANK OF INDE-PENDENCE, LOUISIANA,
Plaintiff-Appellee,

v.

UNITED STATES of America,
Intervenor-Appellant,

v.

John S. GARRETT, Defendant.

No. 73-3174.

United States Court of Appeals,
Fifth Circuit.

May 10, 1974.

Rehearing Denied June 12, 1974.

————◆————

Robert S. Leake, Asst. U. S. Atty., Douglas M. Gonzales, U. S. Atty., Baton Rouge, La., Fred B. Ugast, Act. Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D. C., John R. Schupp, Asst. U. S. Atty., New Orleans, La., Crombie J. D. Garrett, Scott P. Crampton, Meyer Rothwacks, Alfred S. Lombardi, Tax Div., Dept. of Justice, Washington, D. C., for United States of America.

Reginald J. McIntyre, Arthur W. Macy, Hammond, La., for plaintiff-appellee.

William T. Reeves, Asst. Atty. Gen., William L. Wilson, Baton Rouge, La., for other interested parties.

Before DYER, MORGAN and RONEY, Circuit Judges.

PER CURIAM:

The deciding issue on this appeal by the Government is whether the public policy of Louisiana precludes the assignment by a State Legislator of his governmental compensation as security for a loan.

Representative Richard E. Cheek, a Louisiana State legislator, assigned his legislative salary and allowances to the Community State Bank for thirty-one months as security for a $15,000 loan. Previous to the assignment, but on the same day, the Internal Revenue Service filed a tax lien against Cheek in the amount of $1,446.64, plus penalty and interest for underpayment of income taxes. Two and one-half months after the assignment, a second tax lien was filed against Cheek in the amount of $25,911.58.

When John S. Garrett, payroll disbursement officer for the Louisiana House of Representatives, became aware of the conflicting claims against Cheek's salary, he invoked a concursus proceeding in the state court and deposited Cheek's salary with the Clerk. The Government removed the case to the United States District Court for the Eastern District of Louisiana.

On a motion for summary judgment the District Court established the following priority of claims: (1) the $1,446.64 tax lien; (2) the assignment to the Community State Bank; and (3) the $25,911.58 tax lien. Since the first two claims would exhaust Cheek's governmental salary deposited with the court, the second tax lien would in effect be extinguished as to those funds if the assignment to the bank is valid.

On appeal the Government does not challenge the priority established by the District Court but asserts the invalidity *ab initio* of the assignment to the Community State Bank. Relying on McGowan v. City of New Orleans, 118 La. 429, 43 So. 40 (1907), the Government argues that an assignment of a public official's unearned salary is against the public policy of Louisiana and is void.

*McGowan* is distinguishable from the case at bar: in that early Louisiana case, a minute clerk for the Orleans Parish Criminal District Court assigned one month of his unearned salary, comprising his sole income for that period, to the plaintiff. The Louisiana Supreme Court, in holding such an assignment void against public policy, stated that

> if the unearned salary of one day or one month may be assigned that of the officer's entire term may be in like manner assigned, and thus the officer deprived of the means provided for his support, and thereby the public service be impaired . . . .
>
> [I]t is that the man must live, and that, if service is expected of him, he must be supplied with the means of livelihood.

43 So. at 40, 42.

■■ Although no other cases have been cited as guidance for our determination of the present public policy of Louisiana, we think that the rationale of *McGowan* is not present in the case *sub judice*. *McGowan* rested on the policy against permitting a public employee to contract away his future earnings and thus depriving himself of his means of support. Fulfilling the duties of a State Representative is not a full-time occupation in Louisiana, however, since the Legislature does not convene throughout the year. A legislator's compensation is computed on a per diem basis corresponding to attendance at the legislative session. *See* L.S.A.–R.S. 24:31. The assignment of Cheek's legislative salary, therefore, does not "deprive [him] of

the means provided for his support, and thereby the public service be impaired."

We agree with the District Court that the application of *McGowan* depends upon whether an assignment of a public officer's salary deprives him of his means of support and must be considered on a case-by-case basis. Cheek's assignment to the Community State Bank being valid, the Government's second tax lien must follow as a third priority.

Affirmed.